UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO.: 1:11-CV-22894-SEITZ

DEAN L. SEAVERS,

    Plaintiff,

vs.

GENERAL ELECTRIC COMPANY,
a New York corporation,

    Defendant.
_____/

# ANSWER AND DEFENSES OF GENERAL ELECTRIC COMPANY

Defendant, GENERAL ELECTRIC COMPANY ("GE"), submits the following answer and defenses in response to the Complaint of Plaintiff, DEAN L. SEAVERS ("Seavers").

## ANSWER

Defendant, GE, answers each enumerated paragraph of the Complaint as follows:

1. Admit.

2. Admit.

3. GE admits that the amount in controversy satisfies the jurisdictional requirements of this Court and that the Court has subject matter jurisdiction over this matter.

4. GE admits that the existence of the May 26, 2009 letter agreement, that it has conducted business in Florida, that it has offices, employees and agents in Florida, and that it has provided goods and services in Florida. GE denies the remaining allegations in paragraph 4 of the Complaint.

5. GE admits that venue lies in this district and denies the remaining allegations in paragraph 5.

6. GE admits that Seavers is the former President and Chief Executive Officer of General Electric Security and directed a Senior Leadership Team covering the various global poles. GE denies the remaining allegations in paragraph 6 of the Complaint.

7. GE admits that some efforts were made in 2009 to sell General Electric Security and denies the remaining allegations in paragraph 7 of the Complaint.

8. Admit.

9. GE admits that Seavers was expected to play an important role in the sale of General Electric Security and that it gave Seavers the Leadership Incentive/Retention Package described in the letter agreement dated May 26, 2009 ("Retention Agreement"). GE denies the remaining allegations in paragraph 9 of the Complaint.

10. GE admits that it offered Seavers the Retention Agreement, the terms of which speak for themselves, and denies the remaining allegations in paragraph 10.

11. GE admits that it offered Seavers the Retention Agreement, the terms of which speak for themselves, and denies the remaining allegations in paragraph 11.

12. GE admits that it offered Seavers the Retention Agreement, the terms of which speak for themselves, and denies the remaining allegations in paragraph 12.

13. GE admits that it offered Seavers the Retention Agreement, the terms of which speak for themselves, and denies the remaining allegations in paragraph 13.

14. GE admits that Seavers continued in his role as President of General Electric Security after he executed the Retention Agreement and generally met GE's expectations. GE denies the remaining allegations in paragraph 14 of the Complaint.

15. Admit.

16. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint.

17. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18. Admit.

19. GE admits that Seavers was paid a retention bonus of $520,000 upon closing and denies the remaining allegations in paragraph 19 of the Complaint.

20. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint.

21. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

23. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

24. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

25. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint.

26. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

29. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

30. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32. GE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint.

33. Deny.

34. Deny.

35. GE acknowledges having received a letter from Seavers dated December 1, 2010, and denies the remaining allegations in paragraph 35 of the Complaint.

36. Deny.

37. Deny.

38. Deny.

39. GE re-alleges paragraphs 1 through 38.

40. Admit.

41. Deny.

42. Deny.

43. GE admits that it has not paid Seavers the second installment of the retention bonus and severance benefits. GE denies the remaining allegations in paragraph 43 of the Complaint.

44. Deny.

## DEFENSES

First Defense: Plaintiff breached the terms of the Retention Agreement by resigning the employment provided by UTC before the expiration of twelve months after the closing.

Second Defense: Plaintiff determined that UTC offered him comparable employment on comparable terms, accepted that employment, and held that employment for over seven months from March 2010 to October 2010. GE relied upon these decisions and the conduct of Plaintiff to its detriment and Plaintiff is estopped from now declaring that the employment was not comparable.

Third Defense: Plaintiff determined that UTC offered him comparable employment on comparable terms, accepted that employment, and held that employment for over seven months from March 2010 to October 2010. Plaintiff did not make demand on GE for a comparable position with GE. Plaintiff by his decisions and conduct waived his right to complain to GE that UTC did not offer him comparable employment.

Fourth Defense: GE is entitled to a set off against any severance benefits in the amount of any compensation paid by UTC to Plaintiff.

        GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Defendant
One Biscayne Tower – Suite 3400
Two South Biscayne Boulevard
Miami, FL  33131
Telephone: (305) 376-6000
Facsimile (305) 376-6010

By:  s/ Joseph L. Raia, Esq.
    JOSEPH L. RAIA
    Florida Bar No. 322083
    jraia@gunster.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/ Joseph L. Raia, Esq.
    JOSEPH L. RAIA

## SERVICE LIST

| | |
|---|---|
| Jose I. Astigarraga, Esq. | Alyssa N. Shapiro, Esq. |
| Jenelle E. La Chuisa, Esq. | Robert M. Einhorn, Esq. |
| Astigarraga Davis Mullins & Grossman, P.A. | Zarco, Einhorn, Salkowski & Brito, P.A. |
| 701 Brickell Avenue, 16th Floor | Miami Tower, Suite 2700 |
| Miami, FL  33131 | 100 S.E. 2nd Street |
| Tel: (305) 372-8282 | Miami, FL  33131 |
| Fax: (305) 372-8202 | Tel: (305) 374-5418 |
| jia@astidavis.com | Fax: (305) 374-5428 |
| jlachuisa@astidavis.com | reinhorn@zarcolaw.com |